UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON NAVARRO LUPERCIO,<br>Plaintiff,<br>v.<br>MACARIO MENDOZA,<br>Defendant. | Case No. 21-cv-03173-JST<br><br>**ORDER OF DISMISSAL** |

Plaintiff, an inmate at San Quentin State Prison, has filed a *pro se* action pursuant to 42 U.S.C. § 1983 against Macario Mendoza. His complaint is now before the Court for review under 28 U.S.C. § 1915A. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order.

**DISCUSSION**

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the

grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Complaint**

Plaintiff brings suit against a private individual, Macario Mendoza, arguing that in Plaintiff's 2003 jury trial, Mr. Mendoza lied on the stand and falsely identified Mr. Mendoza's assailant. Plaintiff also alleges that a kidnapping took place, but it is unclear who kidnapped whom. Plaintiff further alleges that Mr. Mendoza sexually abused three girls and that the family of one of the victims was in the courtroom during the trial. Plaintiff appears to be arguing that, based on the foregoing, he is innocent of the crime for which he is incarcerated. Plaintiff seeks $25 million in compensatory damages from Mr. Mendoza, and also mentions wanting a new jury trial.

The complaint will be DISMISSED with prejudice because it fails to state a claim under 42 U.S.C. § 1983. Plaintiff has not alleged a violation of a federal law or of the federal constitution, and Mr. Mendoza is a private individual, not a person acting under the color of state law. In addition, Plaintiff appears to be challenging the validity of his conviction. If Plaintiff wishes to challenge his conviction, he must do so by filing a petition for a writ of habeas corpus. *Hill v. McDonough*, 547 U.S. 573, 579 (2006) ("'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the

province of habeas corpus . . .'") (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004)).

## CONCLUSION

For the reasons set forth above, the complaint is DISMISSED with prejudice for failure to state a claim. All pending motions are denied as moot. The Clerk shall enter judgment in favor of Defendant and against Plaintiff and close the case. The Clerk shall send Plaintiff two copies of the form habeas petition.

**IT IS SO ORDERED.**

Dated: March 8, 2022



_____
JON S. TIGAR
United States District Judge