UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON NAVARRO LUPERCIO,<br>Plaintiff,<br>v.<br>MACARIO MENDOZA,<br>Defendant. | Case No. 21-cv-03173-JST<br><br>**ORDER DENYING RENEWED REQUEST FOR RECONSIDERATION**<br><br>Re: ECF No. 17 |

Plaintiff, an inmate at San Quentin State Prison, filed a *pro se* action pursuant to 42 U.S.C. § 1983 against Macario Mendoza. ECF No. 1. On March 8, 2022, the Court dismissed this action because it failed to state a claim under 42 U.S.C. § 1983 in that Plaintiff had not alleged a violation of a federal law or of the federal constitution, and Mr. Mendoza is a private individual, not a person acting under the color of state law. ECF No. 9. The Court further noted that Plaintiff appeared to be challenging his conviction and advised him that if he wished to challenge his conviction, he must do so by filing a petition for a writ of habeas corpus. *Id.* From April 12-15, 2022, Plaintiff filed three post-judgment motions, all challenging the validity of his conviction. ECF Nos. 13, 14, 15. On April 26, 2022, the Court construed these three pleadings as motions for reconsideration pursuant to Fed. R. Civ. P. 60(b) and denied them because the arguments made were unrelated to, and did not cast doubt, on the Court's conclusion that Plaintiff cannot state a Section 1983 claim against a private individual. ECF No. 16.

Now pending before the Court is a renewed motion for reconsideration. ECF No. 17. Plaintiff argues that he is trying to bring a petition pursuant to 28 U.S.C. § 2255, that he is innocent of the crime for which he is incarcerated, that he does not know the victim, that there is insufficient evidence to support the conviction, that there is exculpatory evidence, that the Court

should ask the opposing party to admit as true or false a certain statement, that the physical description, blood and DNA do not match him, and that there is only false testimony that does not prove anything. He cites to Cal. Penal Code § 1230 and the Fourth Amendment and argues that there was a deliberate illegal falsification of evidence. He urges the Court to request an analysis of the evidence. *See generally* ECF No. 17. This renewed motion for reconsideration again argues, as did the previous motions for reconsideration, that Plaintiff is innocent of the crime for which he is incarcerated. As stated previously, such a claim is unrelated to, and does not cast doubt, on the Court's conclusions that this Section 1983 action against Macario Mendoza must be dismissed with prejudice because Plaintiff cannot state a Section 1983 claim against a private individual. The Court DENIES Plaintiff's renewed motion for reconsideration. ECF No. 17. Any future renewed motions for reconsideration repeating the argument that Plaintiff is innocent of the crime for which he is incarcerated will be summarily denied. If Plaintiff wishes to challenge the validity of his conviction, he should file a petition for a writ of habeas corpus. The Clerk is directed to send Petitioner two copies of the Court's form petition for a writ of habeas corpus.

This order terminates ECF No. 17. This case remains closed.

**IT IS SO ORDERED.**

Dated: June 3, 2022



JON S. TIGAR
United States District Judge